DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 4:06 CR 270 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a) |
| Justin Young, | ) ) | |
| Defendant. | ) | |

### I.  Introduction

The Court conducted the sentencing hearing of the defendant Justin Young.  The Court determined that the defendant's total offense level was 25 with a criminal history category of I calling for a sentencing range under the advisory sentencing guidelines of 57 to 71 months.  At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 60 months with supervised release for a period of four years.

### II.  The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

**(1)  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

(4:06 CR 270)

The offense conduct is set forth as follows:

> Beginning at least as early as March of 2005, and continuing through June of 2006, the defendant and others known and unknown, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together and with each other, and with diverse others known and unknown, to possess with the intent to distribute and to distribute at least 35 grams but less than 50 grams of a mixture or substance containing a detectable amount of cocaine base ("crack").
>
> Specifically, the defendant would obtain quantities of cocaine from a variety of dealers in Youngstown and Columbus, Ohio. The defendant would then sell or "front" quantities of cocaine and cocaine base (crack) to other area drug dealers including Tyrone Graham. The defendant would also store quantities of cocaine and crack cocaine at a residence located at 826 East Florida Avenue, Youngstown, Ohio.

Mr. Young is a 24 year-old male with a 2001 conviction for disorderly conduct. He was also arrested in 2004 in Niles, Ohio for Felonious Assault and Carrying a Concealed Weapon. The charges were dismissed.

Other than having high blood pressure, Mr. Young is in good physical health and has no mental health issues. He does, however, have a history of drug addiction. He reported he began using marijuana, crack cocaine and MDMA (ecstasy) when he was 20 years old. His use continued until his arrest in this case. He also indicated his use of alcohol was excessive.

Mr. Young graduated from Rayen High School in Youngstown, Ohio in 2000. He indicated he also holds an Auto Mechanics Certificate from Choffin Career Center. Mr. Young has approximately two years of work experience in retail jobs.

Mr. Young has never been married. His present girlfriend is pregnant with his twins and he has two sons from a previous relationship. Mr. Young's own father has approximately 20

(4:06 CR 270)

children. He maintains relationships with his half-brother, Jermaine, a codefendant in this case, another half-brother, Manuel and half-sister, Melissa. Although his parents ended their relationship in 1995, Mr. Young indicated he has a good relationship with both. It appears he has good family ties and will maintain those ties while incarcerated.

The defendant's acceptance of responsibility is set forth in paragraph 40 of the presentence report as follows:

> "I was involved with selling drugs in the Youngstown area. I committed this crime because I believed money was the way to get love from my family. Not thinking being in there [sic] life is worth all the money in the world. I also had a [sic] expensive drug addiction and needed to supply my habbit [sic]. My criminal conduct was selfish and I now realize how much I hurt my love [sic] ones. I want to use my time in jail to work more on my education so when I get out I can get a good job to support my children. Also I want to take advantage and benefit from the Drug Program or any other programs I can get in to help my addiction."

**(2) The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

Trafficking in crack cocaine is a plague on our society. The advisory sentencing guideline range is 57 to 71 but with no requirement that the mandatory minimum sentence of 60 months be imposed because the defendant is entitled to the safety valve. The Court is of the view that a sentence of 60 months, near the low end of the advisory guideline range, will be sufficient to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense.

**(B) to afford adequate deterrence to criminal conduct;**

(4:06 CR 270)

A sentence of 60 months for this defendant will afford adequate deterrence to criminal conduct both on his part and also on the part of his friends and relations who become aware of the serious consequences in dealing in crack cocaine.

### (C)  to protect the public from further crimes of the defendant;

The defendant is a relatively young man.  The Court finds that a sentence of incarceration for 60 months will protect the public from further crimes of the defendant.

### (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The defendant will have a better chance at success upon release from confinement if he uses his period of confinement to broaden his education and to engage in developing skills through the services of Prison Industries.  Additionally, further drug treatment while incarcerated should provide the defendant with the opportunity to conquer his addiction to drug abuse.

## CONCLUSION

Based upon the foregoing, the Court concludes that a sentence of 60 months followed by four years supervised release and within the advisory guideline range, is a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

| | |
|---|---|
| October 27, 2006 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |